**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN FREEDOM DEFENSE INITIATIVE; PAMELA GELLER; and ROBERT SPENCER,<br><br>               Plaintiffs,<br><br>     -v.-<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,<br><br>          Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br>[42 U.S.C. § 1983] |

Plaintiffs American Freedom Defense Initiative (hereinafter referred to as "AFDI"), Pamela Geller, and Robert Spencer (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendant Massachusetts Bay Transportation Authority (hereinafter referred to as "Defendant" or "MBTA"), its employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

**INTRODUCTION**

1.    This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendant's restriction on Plaintiffs' right to engage in protected speech in a public forum created by Defendant based on the content and viewpoint of Plaintiffs' message. Defendant prohibited Plaintiffs from displaying an advertisement (hereinafter "AFDI Advertisement") on MBTA property based on Defendant's assertion that Plaintiffs' advertisement is "demeaning or disparaging" in violation of Defendant's Guidelines Regulating MBTA Advertising (hereinafter "Advertising Guidelines"), which operate as a prior restraint on Plaintiffs' speech (hereinafter "Speech Restriction").

2.      Plaintiffs seek a declaration that Defendant violated their clearly established constitutional rights as set forth in this Complaint; a declaration that Defendant's Speech Restriction violates the United States Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendant's Speech Restriction as set forth in this Complaint; and nominal damages for the past loss of Plaintiffs' constitutional rights.  Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

3.      This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§ 1331 and 1343.

4.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court.  Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

5.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

6.      Plaintiff AFDI is an organization that is incorporated under the laws of the State of New Hampshire.  AFDI is a human rights organization dedicated to freedom of speech, freedom of conscience, freedom of religion, freedom from religion, and individual rights.

7.      AFDI achieves its objective through a variety of lawful means, including through the exercise of its right to freedom of speech under the United States Constitution.

- 2 -

8.      AFDI exercises its right to freedom of speech and promotes its objectives by, *inter alia*, purchasing advertising space on transit authority property in major cities throughout the United States, including Boston, Massachusetts.  AFDI purchases these advertisements to express its message on current events and public issues, including issues involving the Israeli / Palestinian conflict (hereinafter referred to as "AFDI's advertising campaign").

9.      Plaintiff Pamela Geller is the president of AFDI, and she engages in protected speech through AFDI's activities, including AFDI's advertising campaign.

10.     Plaintiff Robert Spencer is the vice president of AFDI, and he engages in protected speech through AFDI's activities, including AFDI's advertising campaign.

**DEFENDANT**

11.     The MBTA is a quasi-governmental organization which provides public transportation in the Commonwealth of Massachusetts.  It operates bus routes, subway lines, a commuter rail network, and ferry service routes that provide transportation to millions of customers in the Greater Boston area.

12.     As a governmental agency, the MBTA is mandated to comply with the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

**STATEMENT OF FACTS**

13.     The MBTA, through its advertising agent, Titan Outdoor LLC (a/k/a Titan360 and Titan) (hereinafter "Titan"), leases space on its vehicles and transportation stations for use as advertising space.

14.     The MBTA accepts noncommercial and commercial advertisements for display on its advertising space.

15.     The MBTA accepts noncommercial public service, public issue, and political issue advertisements, including advertisements on controversial issues, such as the Israeli / Palestinian conflict, for display on its advertising space.

16.     The MBTA has leased its advertising space for political and social commentary advertisements covering a broad spectrum of political views and ideas.  By policy and practice, the MBTA has created a designated public forum for the display of public service, public issue, and political issue advertisements, including the AFDI Advertisement, on its advertising space.

17.     In September 2013, the MBTA issued a statement acknowledging that some of its advertisements would be distasteful to its customers, stating, *inter alia*, "we have every confidence that our customers will understand that in our enlightened civil democracy, the answer to distasteful and uncivil speech is more, and more civilized, speech."

18.     Accordingly, Defendant permits, as a matter of policy and practice, a wide variety of commercial, noncommercial, public-service, public-issue, and political-issue advertisements on its advertising space, including advertisements addressing the hotly debated Israeli / Palestinian conflict (hereinafter "Free Speech Policy").

19.     In October 2013, the MBTA accepted for display on its advertising space a controversial advertisement that addresses the Israeli / Palestinian conflict by conveying a message and viewpoint that criticizes Israel (hereinafter "Anti-Israel Advertisement").

20.     The Anti-Israel Advertisement, which appeared on approximately 80 posters throughout the transit system, depicts four maps that purport to show "the Palestinian loss of land" to Israel between 1946 and 2010.  Text accompanying the maps says: "4.7 million Palestinians are Classified by the UN as Refugees."

21.     The Anti-Israel Advertisement appears as follows:



22.     A true and accurate copy of the Anti-Israel Advertisement is attached to this Complaint as Exhibit 1 and incorporated herein by reference.

23.     After receiving a rash of complaints, on or about October 31, 2013, Defendant, through its advertising agent, removed all of the Anti-Israel Advertisements from the MBTA's advertising space.

24.     However, on or about November 1, 2013, Defendant decided, without much of a public explanation, except to claim that it was a "miscommunication" between Defendant and its advertising agent, to repost the Anti-Israel Advertisement on the MBTA's advertising space.

25.     Pursuant to Defendant's Free Speech Policy and in direct response to the original posting of the Anti-Israel Advertisement, on or about October 26, 2013, Plaintiffs submitted to Titan for display on MBTA's advertising space an advertisement that supported Israel in the debate over the Israeli / Palestinian conflict.  More specifically, Plaintiff Geller contacted (via email) Scott Goldsmith, the executive vice president and chief commercial officer of Titan, and requested to run AFDI's "pro-Israel ads in 10 of the Boston T stations where the anti-Israel campaign is running."  A true and correct copy of Plaintiff Geller's email is attached to this Complaint as Exhibit 2 and incorporated herein by reference.

26. AFDI's pro-Israel advertisement ("AFDI Advertisement") states, in relevant part, "In any war between the civilized man and the savage, support the civilized man.  Support Israel. Defeat jihad."  AFDI's Advertisement appears as follows:



27. A true and correct copy of the AFDI Advertisement is attached to this Complaint as Exhibit 3 and incorporated herein by reference.

28. The AFDI Advertisement discusses the same subject matter as the Anti-Israel Advertisement, except it does so from a viewpoint that favors Israel.

29. The quote, "In any war between the civilized man and the savage, support the civilized man," is adapted from a quote by the famous Russian-born, American author of *Atlas Shrugged*, Ayn Rand.

30. The message of the AFDI Advertisement is very timely in light of the fact that the Anti-Israel Advertisement is now running (or will be running shortly) on the MBTA's advertising space.

31. Acceptance of political- and public-issue advertisements, specifically including the MBTA's acceptance of the Anti-Israel Advertisement, demonstrates that the forum is suitable for the AFDI Advertisement.

32.     On November 4, 2013, Defendant officially rejected the AFDI Advertisement.  In an email from Scott Goldsmith, Defendant's advertising agent, to Plaintiff Geller, Mr. Goldsmith states, "Pamela: The MBTA has rejected your ad because it falls within the category (b)(i) 'Demeaning or disparaging'.  I have attached the ad policy for your review.  Thank you.  Scott." A true and correct copy of this email containing Defendant's rejection of the AFDI Advertisement is attached to this Complaint as Exhibit 4 and incorporated herein by reference.

33.     Attached to Defendant's rejection email was a copy of the MBTA's Advertising Guidelines.  A true and correct copy of this email attachment (*i.e.*, the Advertising Guidelines) is attached to this Complaint as Exhibit 5 and incorporated herein by reference.

34.     This November 4th email represents the final decision by Defendant to reject the AFDI Advertisement and thereby restrict Plaintiffs' speech.  ("Speech Restriction").

35.     Defendant's application of its Advertising Guidelines was a pretext to censor Plaintiffs' message because MBTA officials oppose Plaintiffs' view on the Israeli / Palestinian conflict.  Moreover, Defendant's decision to restore the advertisements critical of Israel (the Anti-Israel Advertisement), but then deny the AFDI Advertisement, which supports Israel, was motivated by a discriminatory animus against those speakers who support Israel in this conflict. Defendant's decision to reject the AFDI Advertisement was further motivated by a discriminatory animus against Plaintiffs and the viewpoint they express about Islam in general.

36.     Defendant's rejection of the AFDI Advertisement has caused and will continue to cause irreparable harm to Plaintiffs.

37.     Pursuant to clearly established First Amendment jurisprudence, the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury sufficient to warrant injunctive relief.

**FIRST CLAIM FOR RELIEF**

**(Freedom of Speech—First Amendment)**

38.     Plaintiffs hereby incorporate by reference all stated paragraphs.

39.     By reason of the aforementioned Speech Restriction, which includes Defendant's Advertising Guidelines, created, adopted, and enforced under color of state law, Defendant has deprived Plaintiffs of their right to engage in protected speech in a public forum in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

40.     Defendant's Speech Restriction, facially and as applied to Plaintiffs' speech, is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

41.     Defendant's Speech Restriction operates as a prior restraint on Plaintiffs' speech; therefore, it comes to this court bearing a heavy presumption against its constitutional validity.

42.     Defendant's Speech Restriction, facially and as applied to Plaintiffs' speech, is unreasonable and an effort to suppress expression merely because public officials oppose the speaker's view, including the view expressed by Plaintiffs in the AFDI Advertisement.

43.     Defendant's Speech Restriction was motivated by a discriminatory animus against Plaintiffs and the viewpoints they express about the Israeli / Palestinian conflict and about Islam in general.

44.     Defendant's Speech Restriction, facially and as applied to Plaintiffs' speech, offends the First Amendment by granting a public official unbridled discretion such that the official's decision to limit speech is not constrained by objective criteria, but may rest on ambiguous and subjective reasons.

45.     Defendant's Speech Restriction, facially and as applied to Plaintiffs' speech, provides no objective guide for distinguishing between permissible and impermissible advertisements in a non-arbitrary, viewpoint-neutral fashion as required by the First Amendment.

46.     As a direct and proximate result of Defendant's violation of the Free Speech Clause of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## SECOND CLAIM FOR RELIEF

### (Equal Protection—Fourteenth Amendment)

47.     Plaintiffs hereby incorporate by reference all stated paragraphs.

48.     By reason of the aforementioned Speech Restriction, which includes Defendant's Advertising Guidelines, created, adopted, and enforced under color of state law, Defendant has unconstitutionally deprived Plaintiffs of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, in that Defendant is preventing Plaintiffs from expressing a message in a public forum based on the content and viewpoint of the message, thereby denying the use of this forum to those whose views Defendant finds unacceptable.

49.     Defendant's Speech Restriction was motivated by a discriminatory animus against Plaintiffs and the viewpoints they express about the Israeli / Palestinian conflict and about Islam in general.

50.     As a direct and proximate result of Defendant's violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

**THIRD CLAIM FOR RELIEF**

**(Due Process—Fourteenth Amendment)**

51.     Plaintiffs hereby incorporate by reference all stated paragraphs.

52.     By reason of the aforementioned Speech Restriction, which includes Defendant's Advertising Guidelines, created, adopted, and enforced under color of state law, Defendant has unconstitutionally deprived Plaintiffs of the due process of law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

53.     It is a basic principle of due process that a regulation is void for vagueness if its prohibitions are not clearly defined.

54.     Defendant's Speech Restriction, facially and as applied to Plaintiffs' speech, offends the Fourteenth Amendment's guarantee of due process by granting a public official unbridled discretion such that the official's decision to limit speech is not constrained by objective criteria, but may rest on ambiguous and subjective reasons.

55.     Defendant's Speech Restriction, facially and as applied to Plaintiffs' speech, is unconstitutionally vague in violation of the Fourteenth Amendment.

56.     As a direct and proximate result of Defendant's violation of the Due Process Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this court:

A)      to declare that Defendant violated the First and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

B)      to preliminarily and permanently enjoin Defendant's Speech Restriction, which includes Defendant's Advertising Guidelines, as set forth in this Complaint;

C)      to award Plaintiffs nominal damages for the past loss of their constitutional rights as set forth in this Complaint;

D)      to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

E)      to grant such other and further relief as this court should find just and proper.

Respectfully submitted,

/s/ Robert Snider
Robert Snider, Esq. (BBO#471000)
11 Cahill Park Drive
Framingham, Massachusetts 01702
robert.snider20@gmail.com
Tel/Fax: (508) 875-0003

AMERICAN FREEDOM LAW CENTER

Robert J. Muise, Esq.* (MI P62849)
P.O. Box 131098
Ann Arbor, Michigan 48113
rmuise@americanfreedomlawcenter.org
Tel: (734) 635-3756; Fax: (801) 760-3901

David Yerushalmi, Esq.* (DC # 978179)
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20001
david.yerushalmi@verizon.net
Tel: (646) 262-0500; Fax: (801) 760-3901


*Subject to admission *pro hac vice*